UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAUL PERSON

                                       Plaintiff,          Index No.: 23-CV-9377

  -against-                                          **COMPLAINT**

CITY OF NEW YORK and                    Plaintiff Demands Trial by Jury
POLICE OFFICER JOHN DOE,

                                       Defendants.
-------------------------------------------------------------X

       Plaintiff, PAUL PERSON, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and POLICE OFFICER JOHN DOE, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.     This is a civil rights action in which the plaintiff, PAUL PERSON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

    3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

1

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States resident of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to promulgate local rules pertaining to parks and to maintain a police department which acts as its agent in enforcement of those rules and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a parks enforcement force and the employment of such officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant officer.

7. Defendant NYPD POLICE OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

**STATEMENT OF FACTS**

8. On or about Thursday, August 24th at approximately 7:00 P.M., in the vicinity of 138th Street and Brook Avenue in the Bronx, plaintiff PAUL PERSON was sitting inside of a fully registered vehicle with a legal and current license plate when he was approached by defendant, POLICE OFFICER JOHN DOE.

9. Defendant POLICE OFFICER DOE instructed plaintiff to step out of the vehicle and arrested him for Possession of a Forged Instrument, even though he knew or should have known that plaintiff's license plate was legitimate and not forged.

10. Plaintiff was placed in handcuffs and his car was seized by police.

11. Plaintiff was then transported to the 40th Precinct and placed in a cell.

12. Plaintiff remained in that cell for approximately nine hours.

13. Plaintiff was then transported to Central Booking in the Bronx.

14. Plaintiff was placed in a holding cell at Central Booking for approximately twelve hours.

15. At approximately 4:00 P.M. the next day, plaintiff was removed from the holding cell and told that he was free to go.

16. Plaintiff was escorted to a side door and released without being charged or going before the Court.

17. At no time during the events described above did defendants have probable cause to arrest plaintiff, or to charge him with a crime.

18. As a result of plaintiff's baseless arrest, plaintiff did suffer injury including but not limited to loss of liberty, pain and suffering.

## AS FOR A FIRST CAUSE OF ACTION

### False Arrest as against defendant POLICE OFFICER JOHN DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

19. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

20. At all times during the events described above defendant P.O. DOE lacked probable cause to arrest plaintiff.

21. All of the aforementioned acts of defendant P.O. DOE were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

23. The acts complained of were carried out by defendant P.O. DOE in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

24. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

25. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

### Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK

26. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and

supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

28. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

29. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this Complaint.

30. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against each of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: October 24, 2023
New York, NY

By: _/s/Alexis G. Padilla_

Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Paul Person*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com